UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DANIEL BRONSON,            Case No. 1:22-cv-192

    Plaintiff,

                                                                                                       Black, J.

      v.                                                          Bowman, M.J.

KBS AUTO SALES/ YATMA SALES,

    Defendant

**REPORT AND RECOMMENDATION**

On April 7, 2022, Plaintiff, presently a resident of Cincinnati, Ohio, filed a motion seeking to file a civil complaint *in forma paupers*, or without payment of the requisite filing fee. By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of Plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). For the reasons that follow, Plaintiff's complaint should be DISMISSED.

    **I.**     **Screening Standard**

The undersigned takes judicial notice of the fact that Plaintiff was previously incarcerated in the State of Ohio, and that during his incarceration, he frequently filed lawsuits that failed to state any claim or were otherwise deemed to be frivolous. Based upon that history, Plaintiff was barred from filing additional lawsuits *in forma pauperis*

1

during the remainder of his incarceration absent a showing of "imminent danger of serious physical injury" under what is commonly known as the "three strikes rule" of section 804(d) of the Prison Litigation Reform Act ("PLRA") of 1995. See, *generally* 28 U.S.C. § 1915(g); *Bronson v. State of Ohio*, Case No. 1:21-cv-711 (Doc. 2, Report and Recommendation noting application of the "three strike" rule to Plaintiff).

Now that Plaintiff is no longer incarcerated, he is not subject to the PLRA's "three strikes rule." However, that does not mean that Plaintiff's lawsuits will escape all screening. In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting

*Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which

it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II.    Analysis of Plaintiff's Complaint

The allegations in Plaintiff's handwritten complaint are as follows:

> On 3-3-22 At 6:24 PM I "Daniel Bronson" purchased a vehicle from KBS Auto Sale, Located on 1621 Elmore Court, Cincinnati, Ohio 45223. This dealership and dealer has sold me a defective car. This Dealer has told me on multiple occasions, that he is not going to service my car. I have made multiple attempts to have my care serviced. This Dealer and dealership is violating the "lemon Law." This is a direct violation of My 14th Constitutional Right under the United States.

(Doc. 1-1 at 3). In the "relief" section of the complaint form, Plaintiff seeks $25,000.00 for "damages and pain & suffering, by diminishing the capabilities of my life." (*Id.* at 4).

Federal courts are courts of limited jurisdiction. Plaintiff alleges that jurisdiction exists in this Court because his claim arises under the Constitution, laws, or treaties of the United States. Contrary to Plaintiff's belief, however, any vehicle "lemon law" falls under state law and is not enforceable under the 14th Amendment in federal court. In fact, the entirety of Plaintiff's complaint fails to include any factual content or context from which the Court may reasonably infer that the identified Defendant violated any of Plaintiff's federal or constitutional rights in a manner that would confer jurisdiction in this Court, or that would state a federal claim. Accordingly, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1331 and/or the complaint fails to state a claim.

Additionally, the undersigned notes that this is the second lawsuit filed by Plaintiff this year, since his release from incarceration, as to which this Court has recommended dismissal upon initial screening. *See*, *e.g.*, *Bronson v. The Ohio Dept. of Transportation*, Case No. 1:22-cv-149. Based in part on his prior filing history during his incarceration, Plaintiff is forewarned that a non-prisoner civil litigant who repeatedly files frivolous

litigation may face sanctions or have his or her filing privileges restricted if a court deems his or her filings to be "vexatious."

### III. Conclusion and Recommendation

For the reasons stated, this Court lacks subject matter jurisdiction and Plaintiff's complaint fails to state a claim upon which relief may be granted. Because the primary basis for dismissal is the lack of federal jurisdiction, **IT IS RECOMMENDED** that this action be **DISMISSED** without prejudice. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

                                       *s/Stephanie K. Bowman*
                                       Stephanie K. Bowman
                                       United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DANIEL BRONSON,

    Plaintiff,

    v.

KBS AUTO SALES/ YATMA SALES,

    Defendant

Case No. 1:22-cv-192

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6